IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | CIVIL ACTION |
| v. | : | |
| RASA FLOORS, LP | : | NO. 08-533 X |

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | CIVIL ACTION |
| v. | : | |
| VIEWPOINT COMPUTER ANIMATION, INC., et al. | : | NO. 08-534 |

## MEMORANDUM AND ORDER RE: DISCOVERY

**Baylson, J.**                                                                                                           **April 15, 2011**

A series of motions and disputes concerning the scope of discovery exist in these cases, which present a complex combination of contractual and tort claims, as well as RICO claims. The Court has received extensive communications from counsel on the topic of discovery. Motions and other submissions by the parties press their views of what discovery is appropriate and proposed limitations on the amount and nature of discovery.

There has already been an extensive exchange of documents and gathering of facts in these cases through evidentiary hearings and some depositions. Some of these requests for discovery are reasonable, but some are excessive given the legal issues, which may be determinative. The Court need not, should not, and will not allow the process of discovery to become a noose, so tight, that settlement becomes the only option. These are appropriate cases

for limitations on discovery on those issues where the Court, after substantial involvement over a three-year period, concludes that requested discovery is not necessary.

The Court reaches the following conclusions based upon its review of the recently amended pleadings; testimony taken at the two-day evidentiary hearing on the class action issue; the contention statements filed by the parties (ECF Nos. 118 in C.A. 08-533; 102, 103 and 104 in C.A. 08-534); and the various discovery motions now pending, as well as the argument on March 29, 2011 and the telephone conference on April 13, 2011. The Court has decided that the fairest and most efficient way to consider the issues in these cases is to divide the cases into four segments and determine what discovery will follow as to each segment.

### A.     **First Segment - DLL's Contract Claim**

The first segment covers the merits of DeLage Landen Financial Services, Inc. ("DLL")'s Motions for Summary Judgment filed against Defendants Rasa Floors, LP ("Rasa"), Viewpoint Computer Animation, Inc. ("Viewpoint"), and third-party North Central Communications Corp. ("NCC") (ECF Nos. 189 and 191 in C.A. 08-533; 171 in C.A. 08-534).

DLL sued Defendants Rasa and Viewpoint for breach of contract. These Defendants raise defenses of illegality and unconscionability and propose to take discovery on both of these defenses. The Court believes that the issue of illegality can be decided based upon the statutes and laws of the states that control the contractual interpretation or operation of these contracts. To the extent that Defendants rely on discretionary acts of regulatory authorities, if the Court concludes, following the submission of briefs arguing this point, that depositions on this topic would be admissible and relevant, the Court may allow them.

The defense of unconscionability is essentially a legal defense. Defendants themselves

have many facts already in their knowledge, which they can present by way of affidavit or declaration under Fed. R. Civ. P. 56, and there is no need for additional depositions on this defense.

Third-party Defendant Hewlitt-Packard Company ("HP") (having been substituted for 3Com Corp.), contends that it is entitled to take discovery of DLL as a third-party Defendant, even though there are no claims asserted specifically between DLL and HP. The Court agrees that under Fed. R. Civ. P. 14, HP is entitled in participate in the case and may submit briefs in opposition to DLL's Motions for Summary Judgment, but there is no relevant factual issue as to which HP is entitled to take discovery of DLL concerning DLL's Motion for Summary Judgment on DLL's Complaint.

The Court concludes that Defendants Rasa and Viewpoint and third-party Defendant NCC are not entitled to take any further discovery on DLL's Motions for Summary Judgment insofar as it relates to DLL's contractual claims against Rasa and Viewpoint, and therefore briefing shall be concluded promptly.

Accordingly, it is hereby ORDERED as follows:

1. Opposition briefs to the DLL Motion, limited to DLL's claims, shall be filed by May 15, 2011. Defendants may specify, in their briefs, what specific discovery they need, but the Court has not allowed, for the opposition to DLL's Motions for Summary Judgment. In their filings, the parties shall follow the Court's "point-counterpoint" procedural order.

2. DLL's reply brief shall be filed by May 29, 2011.

3. The Court will advise if it will hear oral argument on this motion.

B. **Second Segment - Claims Against DLL**

The second segment covers DLL's Motions for Summary Judgment concerning the counterclaims of Rasa, Viewpoint and NCC against DLL. Based on all the proceedings set forth above, the issue of whether NCC was an agent of DLL in NCC's communications and/or transactions with Rasa and/or Viewpoint is the primary, if not the only, issue as to which there may be a genuine issue of fact precluding summary judgment. Previous testimony by Rasa and Viewpoint about the formation and administration of their contracts with DLL is an important reason to limit discovery.

The Court finds the following discovery to be appropriate on this issue:

1. A Fed. R. Civ. P. 30(b)(6) deposition of one or more designees of DLL, limited to four (4) hours, limited to the issue of agency in the context of the parties in these cases.

2. Deposition of former DLL employee Glen Murray, limited to four (4) hours.

3. The Court will not permit the other depositions requested because there is no showing these persons have personal knowledge of transactions for which DLL may be liable.

4. These depositions shall be completed by May 15, 2011. Parties opposing DLL's Motions for Summary Judgment as to their counterclaims against DLL shall file their responsive briefs by June 15, 2011. DLL may file a reply brief by June 30, 2011.

C. **Third Segment - Defendants and Third-Party Defendants**

The third segment covers the Rasa, Viewpoint, and NCC claims against third-party Defendant HP. There has not been extensive discovery on these claims. These claims are not as controlled by contractual agreements as compared to the issues between DLL, Rasa, Viewpoint, and NCC.

Counsel have advised that Rasa, Viewpoint, and HP have each taken some depositions. The Court will allow each of these three parties to have an additional thirty (30) hours of depositions, used as counsel for each may chose, or subject to agreements between counsel. Each party may select up to six (6) additional individuals or Fed. R. Civ. P. 30(b)(6) designees for depositions. Although there is a dispute as to whether the usual limitation of ten depositions per side is appropriate in this case, the Court will require the parties to complete the depositions as allowed. If any party believes it will be prejudiced without additional depositions, the Court will schedule a further discovery conference to rule on this dispute, after the depositions allowed by the Court have been completed.

In making this ruling, the Court notes that there have been other depositions taken in other cases. Sworn testimony may be used under Fed. R. Civ. P. 56 even if an opposing party did not have the chance to examine the witness. The parties and their counsel in these cases are knowledgeable about the issues and can submit affidavits and declarations on relevant facts pursuant to Fed. R. Civ. P. 56.

The Court may allow additional depositions for use at trial after any Fed. R. Civ. P. 56 motions have been decided.

DLL need not attend any depositions designated by HP and Defendants on the issues between them. If DLL does not attend, the Court will, if necessary and appropriate, at some point prior to trial, allow DLL to question those deponents whose testimony may be relevant to DLL at the time of trial.

The Court reserves the right to reallocate the costs of additional depositions, including attorneys' fees, if appropriate, following the completion of the discovery allowed in this Order.

### D. Fourth Segment - RICO Claim

The parties have not specifically addressed discovery concerning Defendants' RICO claim against DLL and HP in their discovery submissions. Nonetheless, the Court has reviewed the RICO allegations by Defendants, as well as Defendants' RICO case statement (ECF No. 70-2 in C.A. 08-533; 49-2 in C.A. 8-534, filed April 16, 2009), which appears to be based on the assumption that Defendants would be class representatives because it includes allegations concerning many entities that are not parties in these cases.

Given the fact that the Court has rejected class action treatment in these cases, and given the sworn testimony of Rasa and Viewpoint, the Court is unwilling at this point to authorize any additional discovery specifically on the RICO claims. However, Defendants and HP may include in their briefing on DLL's Summary Judgment Motions what discovery would be relevant and proper under Fed. R. Civ. P. 26, and how it would be admissible given the sworn testimony by Defendants as to Defendants' counterclaims against DLL. Defendants and HP may conduct discovery between themselves on Defendants' RICO claims.

Accordingly, it is ORDERED as to the Third and Four Segments, as follows:

1. The discovery between Defendants and third-party Defendants shall be completed by August 30, 2011.

2. Dispositive motions shall be due September 15, 2011; responsive briefs by October 7, 2011; and reply briefs by October 15, 2011.

It is FURTHER ORDERED that DLL's Motion for Protective Order (ECF Nos. 193 in C.A. 08-533; 173 in C.A. 534) and Defendants' Motion For Permission to Exceed 10 Depositions (ECF Nos. 186 in C.A. 08-533; 168 in C.A. 08-534) Are GRANTED in part and

DENIED in part.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-533 DeLage v. Rasa\DeLage v. Rasa; Viewpoint - Memo Order re discovery.wpd